defects had existed for a sufficient length of time to charge the City of Macon with notice under the law.

The sole question here for solution is whether or not plaintiff failed to use ordinary care to avoid being injured by defendant's negligence. Plaintiff knew that the ditch was there, that the cement foundation of the old bridge was in the ditch and that she could not see the condition of the foundation because of the muddy water in the ditch, and yet, without any emergency, she stepped on the foundation, fell, and was injured. In principle this case is controlled by section 4425 of the Civil Code (1910). *Sheats* v. *City of Rome,* 92 *Ga.* 535 (17 S. E. 922) ; *Cook* v. *City of Atlanta,* 94 *Ga.* 613 (19 S. E. 987) ; *McCart* v. *Jasper County,* 18 *Ga. App.* 769 (90 S. E. 725). See also *Kent* v. *So. Bell Tel. &c. Co.,* 120 *Ga.* 980 (48 S. E. 399), where the rule enunciated in the foregoing authorities is elucidated and sustained, though held inapplicable to its facts. In the words of the code section cited, "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover." It appears as a matter of law from the allegations of the petition that plaintiff in this case failed to use the requisite care, and the court did not err in dismissing the petition on motion.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

---

17299.   RIDGEWAY *v.* THE STATE.

BLOODWORTH, J. The judge of the superior court did not err in refusing to sanction the certiorari.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED JUNE 15, 1926.

Petition for certiorari; from Fulton superior court—Judge E. D. Thomas. February 27, 1926.

*Chappell & Slappey,* for plaintiff in error.

*Roy Dorsey, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

---

Certiorari, 11 C. J. p. 158, n. 85.

---